# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 20-5069**

**September Term, 2021**

FILED ON: DECEMBER 3, 2021

RONALD KEATS, ET AL.,
    APPELLANT

v.

XAVIER BECERRA, SECRETARY, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES
    APPELLEE

Appeal from the United States District Court
for the District of Columbia
(No. 13-cv-1524)

Before: ROGERS and WILKINS, *Circuit Judges*, and SILBERMAN, *Senior Circuit Judge*.

## J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs of the parties. *See* Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). The court has afforded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). It is

**ORDERED AND ADJUDGED** that the judgment of the United States District Court for the District of Columbia be affirmed.

### I.

Ronald Keats was a nurse appointed as a Public Health Service officer in the Commissioned Corps within the Department of Health and Human Services. He applied for voluntary retirement effective July 1, 2012—the first day he would be eligible to retire with 20 years of service. The Director of the Commissioned Corps Division of Personnel and Readiness ("the Director") recommended denying the request because of the nature and seriousness of Keats' charged child pornography crimes. The Assistant Secretary for Health denied Keats' retirement request and convened a disciplinary board of inquiry.

Keats pleaded guilty to possession of child pornography in exchange for dismissal of other

related charges. Keats was sentenced to 44 months' imprisonment. The Assistant Secretary canceled the board of inquiry and fired Keats given the dishonorable nature of his crimes. That decision meant Keats was not eligible for retirement benefits.

Keats and his wife sued. On a joint motion by the parties, the district court stayed proceedings so the agency could convene a retirement board to consider Keats' request for voluntary retirement. Noting that granting voluntary retirement was discretionary and applying the factors from Commissioned Corps Instruction CC23.8.5, the Director recommended that the board recommend denial. The board unanimously recommended denial. The Surgeon General agreed and denied the request.

The district court lifted the stay and the parties filed cross-motions for summary judgment. The court denied both motions. It held that Keats failed to show that the agency violated the Administrative Procedure Act by denying his request for voluntary retirement. The court determined that the decision was within the agency's discretion and that it had considered all the relevant factors. However, the court found that the agency did not establish that it had considered Keats for involuntary retirement. The court ordered supplemental briefing on this issue. The agency submitted an affidavit with its supplemental brief stating that it had considered involuntary retirement, but decided to refer Keats to a board of inquiry because of his pending criminal charges. The district court granted summary judgment in favor of the agency.

## II.

## A.

Keats argues that the agency's decision to deny his request for retirement was arbitrary and capricious. Under the APA, a person adversely affected by agency action can seek judicial review unless the challenged "agency action is committed to agency discretion by law." 5 U.S.C. §§ 701(a)(2), 702. Even if a statute grants discretion, "judicially manageable standards 'may be found in formal and informal policy statements and regulations as well as in statutes.'" *Steenholdt v. FAA*, 314 F.3d 633, 638 (D.C. Cir. 2003) (quoting *Padula v. Webster*, 822 F.2d 97, 100 (D.C. Cir. 1987)).

The Assistant Secretary of Health has issued a Commissioned Corps Instruction that governs voluntary retirement decisions. The instruction states that voluntary retirement will be approved "only if the services of an officer can be relinquished without adverse effects on the continued and effective operation of the" agency to which the officer is assigned. Commissioned Corps Instruction CC23.8.5 § 6-2. The instruction also lists six factors that "shall be considered" when an officer requests retirement.[1] *Id.* Thus, this instruction provides law for a court to apply

---

[1] The six factors are: "(a) Supervisor's recommendation for approval or denial of the officer's request; (b) Effect of the retirement on continued and effective operation of the OPDIV/STAFF/non-HHS organization to which the officer is assigned; (c) Whether retirement is in the interest of the Corps and or the Department; (d) Years of service creditable for retirement eligibility, exclusive of service in other uniformed services; (e) Personal or special circumstances affecting the officer that warrant consideration; and (f) Other factors as identified by the officer,

in reviewing the agency's action.

Here, the agency complied with this instruction. The Director specifically discussed and weighed all the factors. Based on that analysis, the Director recommended that the board deny Keats' retirement request. The district court did not err in declining to disturb the agency's reasonable exercise of its broad discretion. *See Sluss v. Dep't of Just., Int'l Prisoner Transfer Unit*, 898 F.3d 1242, 1252 (D.C. Cir. 2018) (holding that "the court's review is appropriately limited to ensuring that the [agency] addressed [the statutorily prescribed terms], while allowing the exercise of broad discretion").

Keats argues that the agency's consideration of the instruction's six enumerated factors is solely in service of answering whether his retirement would have an adverse impact on the operations of the agency. Keats' argument fails as a matter of text. First, there is no explicit textual connection between the instruction's general requirement and the six enumerated factors. Second, the general requirement uses "only if" which introduces a necessary condition. Nothing in the text of the instruction indicates that that requirement is an exclusive condition. Third, the second of the six factors is almost identical to the general requirement and thus would be superfluous if, as Keats argues, all the factors serve the general requirement. CC23.8.5 § 6-2.b. Finally, at least three of the factors do not relate to the effective operation of the agency. *See id.* § 6-2.d, e, and f.

Keats also argues the agency violated its own instructions by not convening a retirement board to consider his voluntary or involuntary retirement. As to voluntary retirement, any error was cured when the agency jointly moved to stay the district court proceedings and convened a retirement board, which recommended Keats' request be denied. As to involuntary retirement, Keats quotes language from the district court's first opinion suggesting that HHS may not forego the involuntary retirement inquiry and contends, albeit briefly, that the district court "tacitly endorsed the agency's disregard of involuntary retirement procedure." He frames this argument around HHS's failure to convene a retirement board, but the Commissioned Corps Instruction governing involuntary retirement decisions states that a board is convened only if initial review of an officer's record indicates that he "should be referred to an Involuntary Retirement Board." Commissioned Corps Instruction CC23.8.4 § 7-1.

The agency's affidavit indicates that it did consider Keats for involuntary retirement and determined, in accord with the instruction's procedures, that he did not qualify for referral to an involuntary retirement board. To be sure, Keats' brief states that one of the issues for review is whether the district court could rely on an affidavit that was not included in the administrative record. But Keats does not develop this argument anywhere in his brief and therefore forfeited it. *See Schneider v. Kissinger*, 412 F.3d 190, 210 n.1 (D.C. Cir. 2005).

Accordingly, the agency reasonably exercised its discretion to deny Keats' request for retirement.

---

his/her supervisor, the Commissioned Corps Liaison, or the Director, OCCO." Commissioned Corps Instruction CC23.8.5 § 6-2.

**B.**

In the alternative, the agency argues that we should affirm the district court on the ground that Keats cannot bring his claim under the APA.  Judicial review under the APA is limited to actions for which there is "no other adequate remedy."  5 U.S.C. § 704.  Here, though, the agency asserts that Keats could have brought his claim under the Uniformed Services Employment and Reemployment Rights Act of 1994.  38 U.S.C. §§ 4301–33.  Because the Act provides an adequate remedial scheme, the agency argues, Keats' APA claim is unavailable and should fail.

The agency acknowledges that it did not raise this argument in the district court.  Nevertheless, it argues that we should consider the argument for three reasons:  (1) that we have discretion to consider arguments for the first time on appeal and we should exercise that discretion here because the case involves and important and unsettled question of law—namely, whether service members can challenge the denial of benefits through the APA; (2) that doing so would protect the exclusive jurisdiction of the Federal Circuit over this type of claim; and (3) that parties can generally raise any argument in support of a judgment on appeal.

This argument is forfeited, and we do not exercise our discretion to consider it.  *Flynn v. Comm'r of Internal Revenue Serv.*, 269 F.3d 1064, 1069 (D.C. Cir. 2001) (noting that "[w]e generally exercise [our] discretion . . . only in exceptional circumstances").  We resolve this case on the ground that the agency's decision was not arbitrary and capricious.  Further, Keats' reply brief does not address this issue at all, so we do not have the benefit of an adversary presentation.  Accordingly, the issue would be better addressed in a future case.

Affirmed.

\* \* \*

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing *en banc*.  *See* Fed. R. App. P. 41 (b); D.C. Cir. R. 41.

<u>**Per Curiam**</u>

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:  /s/
Daniel J. Reidy
Deputy Clerk

4